IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JERMAINE TERRELL MILLER,** | : | |
| **Plaintiff** | : | **Civil No. 1:15-CV-1662** |
| | : | |
| **v.** | : | |
| | : | |
| **PENNSYLVANIA DEPARTMENT** | : | |
| **OF LABOR & INDUSTRY,** | : | |
| **FRANKLIN COUNTY AREA TAX** | : | |
| **BUREAU, and CHAMBERSBURG** | : | |
| **SOCIAL SECURITY** | : | |
| **ADMINISTRATION,** | : | |
| | : | **Judge Sylvia H. Rambo** |
| **Defendants** | : | |

## M E M O R A N D U M

Defendants have each moved to dismiss Plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docs. 4, 7 & 11.) Because Plaintiff has neither substantively responded to the motions nor provided the court with an adequate explanation for his dilatoriness, the court will dismiss Plaintiff's complaint *sua sponte* for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## I.  Background

Jermaine Terrell Miller ("Plaintiff"), acting *pro se*, initiated this action by filing a complaint in the Dauphin County Court of Common Pleas on July 24, 2015. (Doc. 1, pp. 6-8.) In his complaint, Plaintiff alleged that the Pennsylvania Department of Labor & Industry, the Franklin County Area Tax Bureau, and the Chambersburg Social Security Administration (collectively, "Defendants")

"play[ed] a conspiring role in the theft and subsequent continuous illegal use of [his] Social Security Number for employment, home utilities and other financial functionings within the Commonwealth." (*Id.* at p. 6.)  Plaintiff further alleged that Defendants "willfully and knowingly provided technical aid and illegal sheltering" to individuals and other organizations at the heart of the identity theft conspiracy. (*Id.* at p.7.) Plaintiff concluded that "there is no feasible way . . . the three defendants did not absolutely outright know that they were participating in an illegal act," and that the evidence would show "that this identity theft conspiracy was at such a blatant recognizable degree that it's substantially convincing that their respective agencies did actually ignore and/or did actually conceal the *prima facie* evidence of wrongdoing." (*Id.*) Plaintiff seeks the following as relief: $250 million up front and annually from each defendant (*id.* at ¶ 1); unlimited and unrestricted powers, authority, and resources from the Commonwealth of Pennsylvania (*id.* at ¶ 2); the criminal prosecution of the responsible employees from each agency (*id.* at ¶ 3); and to have the responsible employees of each agency fired and deemed ineligible for rehire by any government agency or company (*id.* at ¶ 4).

On August 27, 2015, the Social Security Administration removed this case to the United States District Court for the Middle District of Pennsylvania. (*Id.* at pp. 1-3.) The Social Security Administration then filed a motion to dismiss the

complaint on September 3, 2015 (Doc. 4), followed by a timely brief in support on September 10, 2015 (Doc. 5). The Department of Labor and Industry, through the Office of the Attorney General, likewise filed a motion to dismiss on September 17, 2015 (Doc. 7) and a brief in support on September 23, 2015 (Doc. 8). Thereafter, the Tax Bureau filed a motion to dismiss on September 29, 2015 (Doc. 11) and a brief in support on October 29, 2015 (Doc. 24). Each motion moved to dismiss the complaint pursuant to Federal Rule of Procedure 12(b)(6).

On September 24, 2015, Plaintiff filed a motion seeking a four week extension of time to respond to the Social Security Administration's motion to dismiss, noting that "[t]his inconvenience is due in whole to [his] being transferred . . . to a different State Correctional Facility on September 15, 2015." (Doc. 9.) By order dated September 28, 2015, the court granted Plaintiff's motion, ordering him to file a brief in opposition to the Social Security Administration's motion no later than October 23, 2015. (Doc. 10.) No such request for an extension of time was filed regarding the remaining motions to dismiss.

On October 2, 2015, Plaintiff filed a motion for appointment of counsel (Doc. 13) and brief in support (Doc. 14). In his motion, Plaintiff admitted that he is an "illiterate litigant and doesn't understand the Court's rules and procedures," and that he "is incarcerated and has limited access to [the] law library." (Doc. 13 at ¶¶ 2-3.) On October 22, 2015, the court denied Plaintiff's request for a court

3

appointed attorney, noting, *inter alia*, that all three defendants have filed motions to dismiss and that, at first glance, it appears that Plaintiff's complaint fails to set forth a cause of action and seeks forms of relief that are not cognizable." (Doc. 23, p. 2.)

On November 12, 2015, following Plaintiff's failure to timely file a response to any of the pending motions to dismiss, the court ordered Plaintiff to show cause, no later than November 20, 2015, as to why the  motions to dismiss should not be granted for failure to respond. (Doc. 25.) Plaintiff did not respond.

Mindful of Plaintiff's *pro se* status , on November 24, 2015, the court issued an order providing Plaintiff "one final opportunity to salvage his claims" and ordering him "to show cause why this action should not be dismissed for failure to prosecute" within ten days. (Doc. 26.) The court specifically warned Plaintiff that "failure to respond . . . on or before December 4, 2015 [would] result in the dismissal of this action.". (*Id.*)  Plaintiff again failed to timely respond.

However, on December 11, 2015, Plaintiff filed "objections" to—what appears to be—the Social Security Administration's motion to dismiss, contending that the court lacked personal jurisidiction over the case. (Doc. 29, ¶ 4.) On the same day, Plaintiff filed an untimely response to the court's orders to show cause (Doc. 27), and  requested that the court grant him an extension of time to respond to the three outstanding motions to dismiss (Doc. 28). In both his response to the

orders to show cause and his motion for an extension of time, Plaintiff argued that

he should be given latitude in responding to the motions to dismiss because he is

incarcerated, is representing himself *pro se*, and has depleted his supply of

envelopes and his $10.00 monthly copying and mailing fee thereby inhibiting his

ability to file his required pleadings with both the court and opposing parties. (*See*

Docs. 27 & 28.) Plaintiff further explained that he has "other important legal

matters that [he is] currently involved in at this present point in time" that take

precedence over this case. (Doc. 28.) The court did not grant Plaintiff's motion.

On December 29, 2015, Plaintiff filed briefs in opposition to the Department

of Labor and Industry's motion to dismiss (Doc. 31) and the Social Security

Administration's motion to dismiss (Doc. 32). In his briefs, Plaintiff argues that the

court lacks personal jurisdiction over the case and should remove it back to the

Dauphin County Court of Common Pleas. (*Id.*) To date, Plaintiff has failed to

respond to the Tax Bureau's motion to dismiss.

## II.    <u>Discussion</u>

In determining whether to dismiss a case for failure to prosecute, a court

should consider the following factors:

> (1) The extent of the *party's* personal *responsibility*; (2) the
> *prejudice* to the adversary caused by the failure to meet
> scheduling orders and respond to discovery; (3) a *history* of
> dilatoriness; (4) whether the conduct of the party or the
> attorney was *willful* or in *bad faith*; (5) the effectiveness of

5

> sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

*Id.* at 868. In balancing these factors, there is no "magic formula" or "mechanical precision" to determine how they are to be considered. *Torres v. Gautsch*, 304 F.R.D. 189, 193 (M.D. Pa. 2015). Instead it is within the court's discretion to weigh each factor, and no single factor is dispositive to the issue. *Id.*

The court has weighed the above *Poulis* factors and concludes that dismissal of the complaint is appropriate in this case. First, Plaintiff is proceeding *pro se* and therefore his failure to timely respond to the court's show cause orders of November 12, 2015 and November 24, 2015 cannot be blamed on counsel. *Torres*, 304 F.R.D. at 192 (explaining that, as unrepresented parties, *pro se* plaintiffs cannot blame procedural defaults upon their attorneys and must bear the consequences of ignoring court orders); *Briscoe v. Klaus*, 538 F.3d 252, 258-59 ("[I]t is logical to hold a *pro se* plaintiff personally responsible for delays in his case because a *pro se* plaintiff is solely responsible for the progress of his case, whereas a plaintiff represented by counsel relies, at least in part, on his or her attorney.")

Second, although this case is in its preliminary stages and therefore any prejudice to the opposing party is minimal, it cannot be ignored that Plaintiff's decision to pursue his other legal matters at the expense of this case prejudices the

defendants in this action who have complied with the rules of court and are

undoubtedly interested in an expeditious resolution of the matter.

Third, Plaintiff has twice failed to timely respond to court orders and has yet

to address the arguments raised by the pending motions to dismiss, indicating a

history of dilatoriness. Plaintiff was provided ample opportunity to substantively

oppose Defendants' motions to dismiss or to show cause why the motions should

not be granted for failure to prosecute, and he was specifically warned that failure

to respond would result in dismissal of the action. Plaintiff's belated explanations

for his failures to respond, including his incarceration and need to attend to more

pressing legal matters, are unavailing. Plaintiff must be more selective in picking

and choosing which legal matters to pursue given his circumstances and access to

resources. While the court is cognizant that the other matters may concern his

"inevitable release from prison" (Doc. 27), Plaintiff is personally responsible for

managing his criminal pursuits and the resources available to him in prison. It is

not for this court or the opposing party to bear the consequences of his allegedly

overly burdensome caseload.

With regard to the fourth factor, the court must decide if Plaintiff's conduct

involves intentional and self-serving behavior," rather than behavior that is

"merely negligent or inadvertent." *Briscoe*, 538 F.3d at 262 (citations omitted). In

his December 11, 2015 filings, Defendant acknowledges that, due to his limited

resources and competing obligations, he chose to forego active pursuit of this action because his other pending matters took precedence. The court concludes this choice is willful.

Fifth, the court is unable to find an appropriate alternative sanction to dismissing this case. *See id.* at 263 (stating that where  a plaintiff is proceeding *pro se*, alternative sanctions such as imposing attorney fees are unavailable and anything other than dismissal of the complaint "would not be an effective alternative") (citing *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002)).

The last factor the court must evaluate is the meritoriousness of Plaintiff's claim. Generally, in determining whether a claim is meritorious, the court applies the standard for a motion to dismiss pursuant to Federal Rule of Procedure 12(b)(6) for failure to state a claim. *Briscoe,* 538 F.3d at 263 (citing *Poulis*, 747 F.2d at 869-70). Thus, a claim is meritorious "when the allegations of the pleadings, if established at trial, would support recovery by [the] plaintiff." *Id.* Although *pro se* plaintiffs are afforded leniency in connection with pleadings, Plaintiff's amended complaint asserts only unsupported accusations with no factual details regarding the alleged wrongdoing of Defendants. Plaintiff does not allege any facts as to when or where the purported unlawful acts occurred; the identities of the "companies" supposedly involved; any actions on the part of Defendants to acquire or use his identity, or overt acts to further a conspiracy; or how he suffered or was

8

damaged by this alleged activity. As such, the complaint amounts only to naked assertions of wrongdoing, and is devoid of any merit.

## III.   <u>Conclusion</u>

Accordingly, the court finds in its discretion that the six *Poulis* factors weigh in favor of dismissal. Plaintiff has failed to timely comply with the court's show cause orders and has yet to substantively respond to Defendants' motions to dismiss, choosing to instead focus on his other legal matters. This case will therefore be dismissed *sua sponte* pursuant to Federal Rule of Civil Procedure 41(b).

An appropriate order will follow.

 s/Sylvia H. Rambo
United States District Judge

Dated: March 29, 2016